UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| KENTON JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:18-CV-21-REW-HAI |
| v. | ) | |
| | ) | OPINION & ORDER |
| PROGRESSIVE CASUALTY | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In a case primarily about employment, Plaintiff Kenton Jones seeks leave to add claims centering on post-firing administrative litigation for unemployment benefits. Specifically, Jones moves to add tort theories—wrongful use of administrative proceedings and a newly minted claim hinging on a statutory violation—to address Progressive's allegedly improper acts in contesting unemployment benefits. DE 13 (Motion). The matter is briefed. DE 14 (Response); DE 22 (Reply).

The amendment request is timely relative to the case schedule. Acknowledging the liberal amendment standard of Rule 15(a)(2), the defense concedes on proposed Count XI ("Wrongful Use of Administrative Proceeding"). Progressive opposes proposed Count XII ("Negligence *Per Se*") on futility grounds. Though the Federal Rules establish a permissive amendment presumption, courts may deny leave to amend for a variety of reasons—"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 83 S. Ct. 227, 230 (1962). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive

a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980)).

The Supreme Court of Kentucky only just recognized the cause of action presented, and it did so in a nearly identical context. *See Hickey v. Gen. Elec. Co.*, 539 S.W.3d 19, 25 (Ky. 2018) ("[Plaintiff's] KRS 446.070 claim against [Defendant] for an alleged violation of KRS 341.990(6)(a) is cognizable under Kentucky law."). Progressive contends that the Commonwealth's high court built this new house on sand by overlooking the impact of the judicial statements privilege on any claim. Generally, statements made "in pleadings [and testimony] in judicial proceedings are absolutely privileged[.]" *Schmitt v. Mann*, 163 S.W.2d 281, 283 (Ky. 1942) (internal citations and quotation marks omitted). Unemployment proceedings are at least quasi-judicial. *See Hawkins v. Miller*, 301 S.W.3d 507, 508 (Ky. Ct. App. 2009) ("[S]tatements were made" during Kentucky Unemployment Insurance Commission and EEOC proceedings "in a quasi-judicial setting[.]"); *see also Sams v. Wal-Mart Stores E., LP*, 2010 WL 4740330, at *2–3 (Ky. Ct. App. Nov. 24, 2010) (treating "statements . . . made at . . . unemployment compensation hearings" as occurring in a "judicial proceeding" for purposes of privilege analysis); *cf. Grimes v. Kentucky Unemployment Ins. Comm'n*, 340 S.W.3d 104, 106 (Ky. Ct. App. 2011) ("[A] quasi-judicial agency such as the [Kentucky Unemployment Insurance] Commission, like a court, has the implied authority to determine its own jurisdiction."). Kentucky recognizes two requirements for application of the privilege:

> First, the communication must have been made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding." *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127 (6th Cir. 1990) (citing *Restatement (Second) of Torts* § 587 (1977)). Second, the communication must be material, pertinent, and relevant to the judicial proceeding. *Smith*, 199 S.W.3d at 193 (citing *Lisanby v. Illinois Cent. R. Co.*, 209 Ky. 325, 272 S.W. 753, 754 (1925)).

*Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 602 (Ky. 2011). Thus, if the tort hinges on employer statements made in connection with, and relevant to, a judicial proceeding, then the privilege would thwart underpinning of the claim. This is a smart argument.

Jones responds not by direct refutation; rather, Jones claims he targets only "conduct" and is not trying to recover for statements. This, perhaps, is a stretch, given the infant tort's foundation. *See* KRS 341.990(6) (criminalizing "knowingly mak[ing] a false statement or representation" in administrative employment proceedings). *But see id.* (criminalizing "knowingly fail[ing] to disclose a material fact"). However, the Amended Complaint does include the distinguishing language, *see* DE 13-2, at ¶ 70, and the Kentucky courts do delimit the privilege in that way. *See Halle v. Banner Indus. of N.E., Inc.*, 453 S.W.3d 179, 189 (Ky. Ct. App. 2014) ("[T]he judicial statements privilege does not apply to conduct."). *But see Botts*, 348 S.W.3d at 604 ("[W]e conclude that the judicial statements privilege encompasses the act of filing [a KBA] complaint, in addition to the statements contained therein."); *Kinney v. Maggard*, No. 2014-CA-001127-MR, 2018 WL 1022549, at *6 (Ky. Ct. App. Feb. 23, 2018) (extending *Botts* to KBML complaint filing).

It would take some brass to dismiss under Rule 12(b)(6), or the futility equivalent here, a claim the Kentucky Supreme Court just declared valid. Progressive may be right about the practical effect of other Kentucky laws on the tort. However, what Progressive is really asserting is a form of affirmative defense, and one that truly affects available evidence rather than claim assertion. *See Halle*, 453 S.W.3d at 184 ("As its name implies, [the judicial statements privilege] precludes the use of [ ] privileged communications to sustain a cause of action. It does not bar the cause of action but only renders it unsustainable if based exclusively on statements privileged under the law."). Absent clarity on the face of the pleadings, the Court generally would not find futility, and

thus a basis to deny amendment, in this context. *See Walburn v. Lockheed Martin Util. Servs., Inc.*, 443 F. App'x 43, 47 (6th Cir. 2011) (An affirmative defense "may be the basis for dismissal under Rule 12(b)(6) when the facts are definitively ascertainable from the pleadings and conclusively establish the affirmative defense."). Here, the Court has insufficient information about the statements or conduct at issue, the precise context of either, or the relationship of either to the KRS Chapter 341 process.

It remains to be seen whether Jones can thread the needle between Kentucky's privilege for "statement[s] made . . . during the course of"[1] a judicial proceeding and the newly recognized *Hickey* cause of action. The Court also will need more complete and substantive briefing, at the proper time, on the contours of the judicial statements doctrine, whether the statutory foundation of this tort impacts application, whether Jones can pin the claim on non-exempt "conduct" instead of statements, and whether the privilege is as absolute as some of the case language (and Progressive here)[2] suggests.

With due respect to the Supreme Court of Kentucky and a nod to comity, the Court does not facially accept the contention that *Hickey* created a self-destructing tort. Kentucky expressly validated the claim in the unemployment litigation milieu. Progressive may have unearthed a

---

[1] *Botts*, 348 S.W.3d at 602.
[2] The Court also questions Defendant's characterization of *Hawkins*. *Compare* DE 14, at 4 n.2 ("[I]n *Hawkins*, the Kentucky Court of Appeals simply affirmed a trial court finding regarding qualified privilege[.]"), *with Hawkins*, 301 S.W.3d at 508 ("The Appellees moved to dismiss the action on the grounds that, since the statements were made in a quasi-judicial setting, the Appellees are entitled to **absolute immunity**. Agreeing with the Appellees, the trial court granted the motion.") (emphasis added).
  The ultimate analysis will require full accounting for the challenging, in some senses inconsistent, treatment given by the Kentucky courts. *See Sams*, 2010 WL 4740330, at *3 (treating *Hawkins* as applying the *Schmitt* privilege, but injecting qualifications into what other cases label an absolute immunity). *Sams* specifically suggested that "improper purpose" may limit application of any privilege. Absolute, in some of the cases, is not so categorical.

foundational flaw, but the Court sees a count and record in need of development before the argument ripens. This Court will not call futile what *Hickey*, from the ultimate Kentucky-law voice, contemporaneously calls cognizable.[3]

Accordingly, the Court **GRANTS** DE 13 and **DIRECTS** the Clerk to file the previously tendered exhibit (DE 13-2) as Plaintiff Kenton Jones's First Amended Complaint.

This the 9th day of July, 2018.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[3] Though not a basis for ruling, the Court does note that, as one of a dozen on-going claims, Progressive loses little by not being immunized at this stage. The defense must defend the entire First Amended Complaint, and litigation over the twelfth count will not appreciably expand the defense burden. Any immunity value here is negligible.